**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LENNI O.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP-25-CV-00085-DB-RFC** |
| | § | |
| **FRANK BISIGNANO, Commissioner of** | § | |
| **the Social Security Administration,** | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

On this day, the Court considered Plaintiff Lenni O.'s "Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)" [hereinafter "Mot."], ECF No. 15.  In his Motion, Plaintiff seeks an award of fees and expenses under the Equal Access to Justice Act ("EAJA"), made payable to Plaintiff's counsel, KONOSKI & PARTNERS, P.C.  *Id.*  For the following reasons, the Court **RECOMMENDS** Plaintiff's Motion be **GRANTED** in part and **DENIED** in part.

### I.    BACKGROUND

The calculations offered by Plaintiff's counsel indicate that her firm is owed $14,425.12 in hourly costs and fees, covering 52.0 hours worked by his attorney at a rate of $254.81 per hour, 7.7 hours worked by paralegals at an hourly rate of $100.00, and $405.00 for Plaintiff's court filing fee.  Mot. 3.  Pursuant to a compromise between the parties, Plaintiff has agreed to reduce his EAJA request to $13,405.00 in costs and fees, "subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists."  *Id.* at 3–4, 15.  The Commissioner does not oppose Plaintiff's request.  *Id.* at 4; Mot. Attach. 1, Certificate of Conferral, ECF No. 15-1.

## II.    DISCUSSION

**1. The Court recommends granting Plaintiff's request that he be awarded $13,405.00 in legal fees and expenses.**

Under the EAJA, a plaintiff who prevails in a civil action against the United States is entitled to reasonable legal fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A); § 2412(d)(2)(A).

### a.   *Plaintiff is entitled to an award of reasonable legal fees and expenses.*

A party is eligible to receive reasonable fees and expenses where (1) "the claimant is a 'prevailing party,'" *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (quoting *Sims v. Apfel,* 238 F.3d 597, 599–600 (5th Cir. 2001); (2) the request is made within thirty days of the judgment becoming "not appealable," *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); and (3) the government's position was neither "substantially justified" nor were there "special circumstances mak[ing] the award unjust," § 2412(d)(1)(A).

First, "a plaintiff is a 'prevailing party' under the EAJA 'if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit.'" *Davidson*, 317 F.3d at 506 (quoting *Sims,* 238 F.3d at 599–600). The Court found in favor of Plaintiff on a significant issue when it reversed and remanded the Commissioner of the Social Security Administration's decision to deny Plaintiff disability insurance benefits. *See* Order Adopting R. & R., ECF No. 13. Accordingly, Plaintiff is a prevailing party.

Next, "Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment." *Schaefer*, 509 U.S. at 302. The Court remanded the Commissioner's decision on October 31, 2025, and entered a final judgment on the case on November 3, 2025. *See* Order Adopting R. & R; Final Judgment, ECF No. 14. Thus, Plaintiff's Motion, filed on November 25, 2025, falls well within the allotted time frame.

Finally, "[t]he burden of proving substantial justification falls to the Government" *Davidson*, 317 F.3d at 506 (citing *Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir. 1986)), as does "the burden of demonstrating the existence of special circumstances that would render an award unjust," *Russell v. Nat'l Mediation Bd.*, 775 F.2d 1284, 1290 (5th Cir. 1985) (citing *Knights of the Ku Klux Klan v. East Baton Rouge Par. School Board,* 679 F.2d 64, 68 (5th Cir. 1982)). Because Defendant presents no argument demonstrating that either condition exists, the Court finds this final requirement is satisfied.

Plaintiff is therefore entitled to reasonable legal fees and expenses.

### b. Plaintiff's proposed award of $13,405.00 in fees and expenses is reasonable.

Legal fees and expenses awarded under the EAJA must be reasonable. § 2412(d)(2)(A). Courts within the Fifth Circuit assess the reasonableness of costs and fees in light of the guidelines set forth in in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). While *Johnson* provides the courts with twelve factors to consider, courts need not examine each factor explicitly or independently. *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (citing *Cobb v. Miller,* 818 F.2d 1227, 1232 (5th Cir. 1987)).[1]

Courts within this district have found that fees similar to those calculated by Plaintiff's counsel are reasonable. *See, e.g., Prince v. Colvin*, 94 F. Supp. 3d 787, 815 (N.D. Tex. 2015) (prevailing plaintiff reasonably claimed 72 hours in fees); *Williams v. Berryhill*, No. 3:17-CV-3277-B-BN, 2019 WL 3006812, at *3 (N.D. Tex. July 10, 2019) (same, for 65.5 hours); *Woelper*

---

[1] The twelve factors address:
(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
*See Sanders,* 2005 WL 2285403, at *2 n.2 (citing *Johnson,* 488 F.2d at 717–19).

*v. Kijakazi,* No. EP-23-CV-00227-ATB, 2023 WL 8656929, at *1 (W.D. Tex. Dec. 14, 2023) (reasonable fees where paralegal's hourly rate was calculated at $100.00 and attorney's hourly rate was calculated at approximately $240.00); *Howell v. Comm'r of Soc. Sec.*, No. SA-23-CV-00159-OLG, 2024 WL 1815490, at *2 (W.D. Tex. Mar. 15, 2024), *R. & R. adopted,* No. SA:23-CV-00159-OLG, 2024 WL 1813447 (W.D. Tex. Apr. 23, 2024) (same).  In light of the amount of labor presumably required to review the 3,163 page transcript, the thoroughness of Plaintiff's briefing, and the favorable results obtained, the Court finds that counsel's calculations appear to be a fair appraisal of the work performed.  *See Johnson,* 488 F.2d at 717–19.  Moreover, given that Plaintiff agreed to seek a reduced amount of $13,405.00, the Court finds the award falls comfortably within the bounds of reason.

Accordingly, the Court **RECOMMENDS** the Court **GRANT** Plaintiff's Motion as to his request he be awarded an amount of $13,405.00 in legal fees and expenses.

**2. The Court recommends denying Plaintiff's request that the EAJA award be made payable to Plaintiff's counsel.**

Plaintiff further asks the Court to order that the EAJA award "be paid directly to Plaintiff's Counsel subject to any administrative offset," Mot. 1, 15, in accordance with his signed fee agreement and declaration assigning the EAJA award, *id.* at 14–15; *see* Mot. Attach. 2, Exs. A-C, at 2–3, 7, ECF No. 15-2.

While Defendant does not oppose payment being made directly to Plaintiff's counsel, there is division among courts within this circuit as to whether such a request is legally tenable.  *See Woelper*, 2023 WL 8656929, at *2 (collecting cases).  Consistent with decisions of the majority of its sister courts, as well as its previous decision in *Cardona v. Comm'r of Soc. Sec.*, No. EP21CV00142DCGRFC, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023), *R. & R. adopted sub nom.,* No. EP-21-CV-00142-DCG, 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023), this Court

4

continues to hold that an EAJA award is payable only to a plaintiff, regardless of whether he assigned his rights to the award to counsel.

Therefore, the Court **RECOMMENDS** the Court **DENY** Plaintiff's Motion, as to his request that the Defendant be ordered to make the EAJA award payable to Plaintiff's counsel.

### III.    CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion, ECF No. 15, be **GRANTED** in part and **DENIED** in part. The Motion should be **GRANTED** as to Plaintiff's request he be awarded the agreed upon amount.  However, it should be **DENIED** as to the request that the award be made payable to Plaintiff's counsel.

**IT IS FURTHER RECOMMENDED** the Court **ORDER** Plaintiff be awarded $13,405.00 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), subject to any administrative offset, made payable to Plaintiff and mailed to Plaintiff's attorney at the attorney's address on record.

**SIGNED** this 18th day of December, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**